**G.J. LEASING, et al., Plaintiffs,**

v.

**UNION ELECTRIC, Defendant.**

**No. 91–158–JPG.**

United States District Court, S.D. Illinois.

Dec. 17, 1993.

Joseph G. Nassif, Ronald L. Hack, Linda Tape, Coburn & Croft, St. Louis, MO, for plaintiffs.

Paul Venker, Edwin Noel, Susan Knowles, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, for defendant.

## ORDER

GILBERT, Chief Judge.

Pending before this Court is a motion to reconsider the July 9, 1993, 825 F.Supp. 1363, order of the Court filed by the Attorney General of the State of Illinois and the Office of the State Fire Marshal (Document No. 164). Upon a review of this motion, the memoranda in support thereof and the responses thereto, the Court concludes that the plaintiffs no longer have standing to bring the cause of action alleged in Count V of the third amended complaint.

■ Count V of the third amended complaint is a citizen's suit filed under 42 U.S.C. § 6972(a)(1)(A) which seeks an order from the Court requiring Union Electric ("U.E.") to: (a) register the underground storage tanks with the proper Illinois state agency, and (b) properly close such tanks. At the time the third amended complaint was originally filed, the Office of the State Fire Marshall ("OSFM") had under review an administrative order which required one of the plaintiffs, Cahokia Marine Service ("CFS") to register and remove the underground storage tanks ("USTs") in question. However, on October 27, 1993, and November 1, 1993, the OSFM dismissed the Administrative Order requiring the tanks to be registered and closed. Based upon the dismissal of OSFM's Administrative Order U.E. asserts, in its reply to the plaintiffs' memoranda in opposition to the state's motion to reconsider, that the claim alleged in Count V is no longer justiciable, because it no longer meets the requirements of standing and ripeness, as the suit must not only be proper at the time of filing but throughout the entire course of litigation. *See C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure: Jurisdiction,* 2d § 3533 at 211; *Harris v. Board of Governors,* 938 F.2d 720, 721 (7th Cir.1991). This Court agrees.

■ At the time this claim was originally filed, the plaintiffs had standing to bring this action because they were currently being faced with harm; that is the state had ordered CFS to close the USTs left on the property by U.E. However, this harm has now been eliminated. In order to have standing to sue, even under an environmental law statute, a plaintiff must be either faced with a harm or threatened harm. *See Lujan v. Defenders of Wildlife,* —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (holding that the constitutional minimum of standing contains three elements: that the injury be "in fact" and not merely conjectural or hypothetical; that there must be a connection between the injury and the conduct complained of; and that it must be "likely" and not merely speculative that the injury will be redressed by a favorable decision. The Court went on to hold that since these elements are not merely pleading requirements, but are rather an indispensible part of the plaintiff's case, the plaintiff bears the burden of proving each of these elements at the successive stages of the litigation.) There is simply no current or threatened harm present in this matter. The plaintiffs argue in response that since this Court has previously explicitly held that the Illinois UST law is pre-empted by federal law, the OSFM's dismissal of its Administrative Order is of no consequence here. The plaintiffs also argue that this issue is still justiciable because there has yet to be a determination as to what was the use of the USTs during the period of 1974 and 1979 and without a final decision on this matter, the plaintiffs could face future administrative or judicial harm.

To have standing the threat of harm must be real and not something that may occur at some point in the future. Based upon the recent dismissal of OSFM's Administrative Order, the plaintiffs no longer have any current harm or threat of harm facing them from the state. Moreover, in the July 9, 1993, order and subsequently in the August 27, 1993 order, this Court has made clear that under the federal law on this issue, U.E. is the owner of the tanks in question and therefore, the plaintiffs are not faced with any threat of suit by the federal government. Therefore, the plaintiffs cannot show that they are currently faced with any harm or threat of harm in regards to these USTs.

Accordingly, the Court hereby **DISMISS-ES WITHOUT PREJUDICE** Count V of the third amended complaint as the plaintiffs in this action no longer have standing to bring this suit. Based upon this holding, the Court hereby **DENIES** the motion to reconsider (Document No. 164) as moot. Since Count V has now been dismissed, the Court hereby **VACATES** that portion of its July 9, 1993, order which disposed of the defendant's second motion for summary judgment on Count V.[1] The litigants should note, however, that the portion of the vacated section in which the Court determined that under the federal regulations, U.E. was the "owner" of the USTs, is hereby **REAFFIRMED.** By this reaffirmation the Court also intends to leave in place the reasoning which lead to that determination, namely that the tanks were abandoned and that the definition of "in use" requires a conscious use.

As this order will simplify the issues to be presented at trial, the Court hereby reaffirms the trial date of January 5, 1994, in this matter.

**IT IS SO ORDERED.**

---

1. The portion of the order which is hereby vacated includes both the determination that the Illinois UST program is pre-empted by federal law and the reasoning which lead the Court to that determination.